JS-6/ "O"

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT HADLOCK,** | CASE NO. SACV 10-0187 AG (ANx) |
| Plaintiff, | **ORDER GRANTING MOTION RE ARBITRATION AND TO DISMISS** |
| v. | |
| **NORWEGIAN CRUISE LINE, LTD.,** | |
| Defendant. | |

    This case involves a dispute about the lack of handicap accommodations on a cruise to Mexico. Defendant Norwegian Cruise Lines, Ltd. ("Defendant") filed a motion to dismiss ("Motion") for lack of subject matter jurisdiction and failure to state a claim. The Court treats the Motion as one to determine whether arbitration is required. After considering all papers and arguments submitted, the Court GRANTS the Motion.

**PRELIMINARY MATTERS**

Plaintiff submitted evidentiary objections to the Declarations of Trinette Sachrison and Jane Kilgour.  The Court's analysis does not rely on the Declaration of Trinette Sachrison, so the Court will not rule on that objection.

Plaintiff objects to Jane Kilgour's declaration on many grounds.  As a general matter, Defendant argues that the allegations in the Complaint are presumed to be true and thus Kilgour's declaration cannot create a disputed issue of fact.  But here, the Court treats the Motion as one to determine whether arbitration is required.  "When considering a motion to compel arbitration, a court applies a standard similar to the summary judgment standard of Fed. R. Civ. P. 56." *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004).  Thus, for these motions, the court may consider evidence outside of the pleadings.  This objection is OVERRULED.

Plaintiff's first specific objection is to paragraph 5 on grounds that Kilgour's statements about Defendant's cruise booking procedures are "speculative" and not about the instant case.  Kilgour lays the proper foundation for her testimony on Defendant's procedures because she is "intimately familiar with the . . . procedures for ticketing passengers on an NCL cruise and the methods by which notice is provided to passengers regarding the terms and conditions of the passenger contract . . . ." (Kilgour Decl. ¶ 2.)  Defendant's procedures for contracting with customers is relevant evidence.  This objection is OVERRULED.

Plaintiff's second objection is to paragraph 9 on grounds that it misrepresents Exhibit 2 by not mentioning the phrase "Guest Ticket Contract."  This Court finds that paragraph 9 does not rely on Exhibit 2.  This objection is OVERRULED.

Plaintiff's third objection is to paragraph 10 on grounds that Kilgour's statement that Plaintiff received and accepted the Guest Ticket Contract is not based on actual knowledge.  Kilgour's statement is based on the "Ticket Contract Acceptance Report" in Exhibit 4 containing an ID number that links the report to Plaintiff's reservation in Exhibit 2.  Thus, the Court finds that the "Ticket Contract Acceptance Report" is sufficient to support Kilgour's declaration.  This

objection is OVERRULED.

Plaintiff's fourth objection is to paragraphs 10-14. Plaintiff argues that these paragraphs are "inadmissable" because the Guest Services Contract "speaks for itself." This objection lacks specificity and is OVERRULED.

Plaintiff's fifth objection is to paragraph 15 on grounds that it is based on an exemplar "Welcome Aboard" package instead of the actual "Welcome Aboard" package received by Plaintiff. The Court finds that Kilgour laid the foundation for testimony on Defendant's ticketing prodedures and notice to customers. An exemplar of what Defendant normally gives to customers is evidence of what Plaintiff received. This objection is OVERRULED.

Plaintiff's final objection is to paragraphs 16-17 on grounds that testimony that the Guest Ticket Contract appeared at all times on Defendant's website is irrelevant. The Court finds this evidence relevant to Plaintiff receiving reasonable notice. This objection is OVERRULED.

**BACKGROUND**

The following facts are taken from Plaintiffs' Complaint, the Guest Ticket Contract, and declarations submitted with the Motion.

In August 2009, Plaintiff Robert Hadlock ("Plaintiff"), a quadriplegic, purchased a ticket from Defendant for a "Mexican Riviera" cruise on the *Norwegian Star*. (Complaint ("Compl.") ¶¶ 4-5, Declaration of Jane Kilgour ("Kilgour Decl.") ¶¶ 7-8.) Before purchasing the ticket, Defendant made oral representations that Plaintiff's cabin had a wheelchair accessible balcony. (Compl. ¶ 5.) After boarding the vessel in October, Plaintiff discovered that the balcony and other areas of the ship were inaccessible by wheelchair. (Compl. ¶¶ 8-9.) Plaintiff claims (1) Fraud; (2) Negligent Misrepresentation; (3) Discrimination under the American With Disabilities Act ("ADA"); and (4) Discrimination under the California Unruh Civil Rights Act ("Unruh Act").

In August, after the ticket was purchased, Defendant sent an email to Plaintiff to begin the online check-in process. (Kilgour Decl. ¶¶ 5, 7-8.) During online check-in, Defendant was

1  given the opportunity to read the Guest Ticket Contract.  (Kilgour Decl. ¶¶ 10.)   Defendant
2  acknowledged the Guest Ticket Contract and accepted its terms.  (Kilgour Decl. ¶¶ 10, Kilgour
3  Decl., Exh. 4 "Guest Ticket Contract Acceptance Report.")  Online check-in must be completed
4  before boarding.  (Kilgour Decl., Exh. 3 at 1.)  The Guest Ticket Contract is available for
5  viewing on Defendant's website at all times.  (Kilgour Decl. ¶ 5.)  The Welcome Aboard Kit
6  sent to Plaintiff also mentions the Guest Ticket Contract.  (Kilgour Decl., Exh. 6 at 77 ("Also
7  keep in mind that your eDocs are a contract and your acceptance of the Guest Ticket Contract
8  means you agree to the conditions it contains."))  Plaintiff claims he never saw any mention of
9  the Guest Ticket Contract during online check-in or in the Welcome Aboard Kit and never
10 agreed to its terms.  (Declaration of Robert Hadlock "Hadlock Decl." ¶ 5-8.)

        The Guest Ticket Contract has the following arbitration provision:

> *Any and all disputes*, claims, or controversies whatsoever, other than for personal injury, illness or death of a Guest, whether brought in personam or in rem or based on contract, tort, statutory, constitutional or other legal rights, *including* but not limited to *alleged violation of civil rights, discrimination*, consumer or privacy laws, or for any losses, damages or expenses, relating to or *in any way arising out of or connected with this Contract or Guest's cruise*, no matter how described, pleaded or styled, between the Guest and Carrier, with the sole exception of claims brought and litigated in small claims court, shall be referred to and *resolved exclusively by binding arbitration* pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York 1958), 21 U.S.T. 2517, 330 U.N.T.S. 3, 1970 U.S.T. LEXIS 115, 9 U.S.C. §§ 202-208 ("the Convention") and the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., ("FAA") *solely in Miami-Dade County, Florida*, U.S.A. to the exclusion of any other forum.

(Kilgour Decl., Exh. 5 "Guest Ticket Contract," ¶ 10(b) (emphasis added).)  The contract also
states that "this Contract shall be governed in all respects by the General Maritime Law of the
United States . . . ."  (Kilgour Decl., Exh. 5 "Guest Ticket Contract," ¶ 14.)

        Defendant moves the Court to dismiss under 12(b)(1) and 12(b)(6) because the Complaint
has not been brought in the proper forum and the contract is subject to arbitration.

4

**ANALYSIS**

Although Defendant moves for dismissal under 12(b)(1) and 12(b)(6), the court treats the Motion as one to determine whether arbitration is required under the Federal Arbitration Act because Defendant's entire argument is that the case should be dismissed in favor of arbitration.

Section 2 of the Federal Arbitration Act ("FAA") "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). Under the FAA, in deciding whether arbitration is required, courts must determine "(1) whether a valid arbitration agreement exists, and if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Concerning the second element, courts look to whether the arbitration agreement is broad or narrow. H. Warren Knight, et al., *California Practice Guide: Alternative Dispute Resolution* § 5:215.3 (2009). The arbitration provision here is very broad. It says, " [a]ny and all disputes, claims, or controversies whatsoever, . . . based on contract, tort, statutory, constitutional or other legal rights, including but not limited to alleged violation of civil rights, discrimination, . . . shall be referred to and resolved exclusively by binding arbitration . . . ." (Kilgour Decl. Exh. 5 ¶ 10.) Under this broad language, the parties have agreed to arbitrate any dispute relating to the Purchase Agreement. Plaintiff does not dispute the scope of the arbitration provision. Instead, Plaintiff disputes that a valid contract ever existed. Plaintiff argues that the arbitration provision is unenforceable as a matter of law and Plaintiff did not make a voluntary and knowing agreement to arbitrate.

**1.      CALIFORNIA CIVIL CODE SECTION 1668**

California Civil Code Section 1668 states that "[a]ll contracts which have for their object . . . to exempt anyone from responsibility for his own . . . violation of law . . . are against the policy of the law." Plaintiff argues that the arbitration clause violates Section 1668 because it

"avoid[s] liability for violations of the Unruh Act." (Opposition at 3.) The court disagrees.

Section 1668 does not apply because California law is inapplicable. "A cruise line passage contract is a maritime contract governed by general federal maritime law." *Wallis ex rel. Wallis v. Princes Cruises, Inc.*, 306 F.3d 827, 834 (9th Cir. 2002) (citing *Milanovich v. Costa Crociere, S.p.A.*, 954 F.2d 763, 766 (D.C. Cir. 1992)). Thus, the Federal common law of contracts, not the law of California, controls. *See Roberson v. Norwegian Cruise Line*, 897 F. Supp. 1285, 1288 (C.D. Cal. 1995) ("Forum selection clause[s] in form passage contract[s] [are] prima facie valid, should be enforced by district court *sitting in admiralty*, and will not be set aside unless the resisting party meets the heavy burden of showing inconvenience or fundamental fairness, which is not present simply because the forum clause was not the subject of bargaining.") (emphasis added). And even if maritime contract law did not apply by default, the contract specifically states that it "shall be governed in all respects by the General Maritime Law of the United States . . . ." (Kilgour Decl., Exh. 5 "Guest Ticket Contract," ¶ 14.)

The Court holds that Section 1668 does not invalidate the arbitration provision in this maritime cruise ticket contract.

**2.     HEIGHTENED SCRUTINY FOR "DISCRIMINATION" CASES**

Plaintiff next argues that arbitration of discrimination cases is disfavored and requires "high scrutiny." (Opp. at 4.) Plaintiff cites a single case, *Prudential Insurance Co. of America v. Lai*, 42 F.3d 1299, 1305 (9th Cir. 1994), that held arbitration provisions to a higher standard of scrutiny in Title VII cases. Plaintiff makes the comparison of ADA and Unruh Act cases to Title VII discrimination cases.

The Court disagrees. *Lai* is distinguishable, and *Lai* itself recognizes that discrimination claims are subject to arbitration. *See* 42 F.3d at 1305. In *Lai*, two employees signed a form with an arbitration provision, but they were told the form meant something else and were not allowed to read the provision. *Lai*, 42 F.3d at 1301. The Ninth Circuit held that the employees were not bound by the agreement "because they did not knowingly contract to forego their statutory

6

1 remedies in favor of arbitration." *Lai*, 42 F.3d at 1305.

2 Here, Defendant directed Plaintiff to review the contract, (Kilgour Decl. ¶ 10) and made
3 Plaintiff expressly accept the contract, (Kilgour Decl., Exh. 4 "Guest Ticket Contract
4 Acceptance Report."). Further, the agreement was available at all times on the website, (Kilgour
5 Decl. ¶ 5.). Thus, the factors present in *Lai* are not present here.

6 Further, Congress recognized that the ADA contemplates arbitration agreements.
7 "Where appropriate and to the extent authorized by law, the use of alternative means of dispute
8 resolution, including . . . arbitration, is encouraged to resolve disputes arising under this
9 chapter." 42 U.S.C. § 12212. "By agreeing to arbitrate a statutory claim, a party does not forgo
10 the substantive rights afforded by the statute; it only submits to their resolution in an arbitral
11 forum, rather than a judicial forum." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26
12 (1991) (concluding that Congress, in enacting the Age Discrimination in Employment Act, did
13 not intend to preclude arbitration provisions).

14 The Court finds that even if *Lai* requires a "heightened scrutiny" of arbitration clauses in
15 ADA cases, the contract here passes such scrutiny.

16

17 **3.     KNOWING AND VOLUNTARY WAIVER**

18

19 Plaintiff relies exclusively on *Nelson v. Cyprus Bagdad Copper Corp.*, 119 F.3d 756, 761
20 (9th Cir. 2007), in arguing that an ADA claim is only subject to arbitration when Plaintiff
21 "knowingly and voluntarily waive[s] his rights to file a statutory discrimination claim." Plaintiff
22 argues that there was no knowing and voluntary waiver because he never signed any contract
23 that contained a waiver or binding arbitration, and alternatively, that the Guest Ticket Contract's
24 terms are not "clear and unambiguous." (Opposition at 6-7.) Defendant, on the other hand,
25 argues that the standard for being bound by terms in a cruise ticket contract is set by maritime
26 law, and only requires the contract to "reasonably communicate" its provisions to the passenger.
27 *Dempsey v. Norwegian Cruise Line*, 972 F.2d 998, 999 (9th Cir. 1992) ("the adequacy of notice
28 given by boilerplate language in a passenger contract is a question of law determined by

7

assessing whether a particular provision was 'reasonably communicated' to the passenger"). The Court finds the contract here meets either standard.

Plaintiff contends that he never saw or agreed to the contract. But Plaintiff ignores that he was forced to use Defendant's online check-in procedure before departure, and did in fact complete the procedure. (Kilgour Decl. ¶¶ 9-10.) There, he was given the opportunity to read the Guest Ticket Contract, acknowledged receipt of this contract, and accepted the contract. (Kilgour Decl. ¶ 10, Kilgour Decl. Exhibit 4 "Ticket Contract Acceptance Report.") Defendant recorded Plaintiff's acknowledgment and acceptance of the contract in its database. (*Id.*) Plaintiff asserts no evidence to directly rebut that he expressly accepted the contract via online check-in. Thus, the Court finds that Plaintiff knowingly and voluntarily agreed to the contract.

This step of electronic acceptance of the contract is important. In *Nelson v. Cyprus Bagdad Copper Corp.*, 119 F.3d at 761, the Ninth Circuit did not enforce the arbitration provision because Nelson only signed an agreement to "read and understand" the employee handbook, not be bound by its provisions which included arbitration. But here, Plaintiff was forced by computer to agree to the terms and conditions in the contract. Whether he actually read the contract in full is irrelevant.

Further, the Court finds that the terms were clear and unambiguous. Plaintiff agreed to arbitrate "alleged violation[s] of civil rights [and] discrimination . . . ." (Kilgour Decl, Exh. 5 "Guest Ticket Contract" ¶ 10(b).) At the very top of the contract, surrounded by a box, it says "IMPORTANT NOTICE: Guests are advised to carefully read the terms and conditions of the Guest Ticket Contract set forth below which affect your legal rights and are binding." (*Id.* at 1.) In the arbitration provision in 10(b) the Guest Ticket Contract states, in all caps: "NEITHER PARTY WILL HAVE THE RIGHT . . . TO LITIGATE THE CLAIM IN ANY COURT (OTHER THAN SMALL CLAIMS COURT). THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING." (*Id.* ¶ 10(b).) The contract makes clear that arbitration applies to discrimination claims.

Thus, Plaintiff's argument that he did not knowingly enter into the Contract fails. This conclusion is consistent with the large body of law enforcing forum selection clauses for cruise

ticket contracts. For example, in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), a case upholding a cruise ticket forum selection clause, the Supreme Court recognized the following policy reasons to enforce a forum selection clause in a cruise ticket contract:

> [A] cruise line has a special interest in limiting the fora in which it potentially could be subject to suit. Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different fora. Additionally, a clause establishing ex ante the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions. Finally, it stands to reason that passengers who purchase tickets containing a forum clause . . . benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued.

499 U.S. at 593-594 (1991) (citations omitted). This Court finds this reasoning applicable here. Other courts have upheld forum selection clauses as binding for similar reasons. *See, e.g.*, *Roberson v. Norwegian Cruise Line*, 897 F. Supp. 1285, 1289 (C.D. Cal. 1995) (enforcing forum selection clause in almost identical cruise ticket contract despite Plaintiff having "no recollection of the clause concerning bringing suit in Florida"); *Kendall v. American Haw. Cruises*, 704 F. Supp. 1010, 1014-17 (D. Haw. 1989) (finding that plaintiff, who had opportunity to read ticket before cruise, had sufficient notice of clear and obvious contractual provision even though page of ticket containing provision was missing after cruise); *Geller v. Holland-America Line*, 298 F.2d 618, 619 (2d Cir. 1962) (enforcing contractual provision in ticket where plaintiff never opened envelope containing contract). Plaintiff simply fails to overcome the wide breadth of authority enforcing provisions in cruise ticket contracts.

**4.    Conclusion**

Plaintiff has failed to overcome the presumption that this court should enforce the clear arbitration provision in the Guest Ticket Contract. The court GRANTS the Motion and

dismisses the case.

**DISPOSITION**

This case must be arbitrated. The Motion is GRANTED, and the case is DISMISSED.

IT IS SO ORDERED.

DATED: April 19, 2010

_____

Andrew J. Guilford

United States District Judge